LAFAYETTE FORWARDING COMPANY, INC., Appellant, v. ROTHBART GARAGE OPERATORS, INC., Respondent.

First Department, May 4, 1923.

Notice of pendency — action to restrain defendant from excluding plaintiff from possession of certain property in which defendant claimed party wall rights and to compel defendant to remove wall and restore existing wall to prior condition — notice of pendency properly filed under Code of Civil Procedure, § 1670, and Civil Practice Act, § 120 — notice will not be cancelled where appeal is pending from judgment on merits in favor of defendant.

An action to enjoin the defendant from excluding the plaintiff from the possession of certain premises in which the defendant claims a party wall easement and to compel the defendant to remove a wall erected on the plaintiff's premises and to restore to its original condition another wall which defendant used in erecting a building on its premises is an action brought to recover a judgment affecting the possession, use or enjoyment of real property, and, therefore, the plaintiff had the right to file a notice of pendency of action under section 1670 of the Code of Civil Procedure and section 120 of the Civil Practice Act.

The notice of pendency will not be canceled where an appeal is still pending from a judgment on the merits in favor of the defendant.

SMITH, J., dissents.

APPEAL by the plaintiff, Lafayette Forwarding Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of March, 1923, canceling a notice of pendency of action.

*Christian S. Lorentzen*, for the appellant.

*Menken Brothers* [*Mortimer M. Menken* of counsel], for the respondent.

DOWLING, J.:

By the complaint and the answer herein it appears that the plaintiff and the defendant leased for periods of twenty-one years, respectively, parts of property belonging to a common owner running through the block from Jane street to Horatio street between Washington and West streets in the city of New York. The plain-

tiff obtained its lease on November 11, 1920, and the lease runs from November 1, 1920, to October 31, 1941, and the defendant's lease was entered into on the 19th day of November, 1920, for a term of twenty-one years to commence on the 1st day of January, 1921, and to end on the 31st day of December, 1942.

On the premises leased by the plaintiff were two six-story brick buildings and on the premises leased by the defendant were buildings which, under the terms of its lease, defendant was required to tear down and to construct a one-story garage at a cost of at least $50,000 on or before July 1, 1921. In the erection of this one-story garage, defendant assumed the right to cut a large number of holes in the easterly wall of plaintiff's adjoining building and inserted therein the beams supporting the roof of defendant's building to the east; on the same assumption of right, defendant also erected upon plaintiff's said premises a new wall about twenty feet in height and about one foot in width, extending from the Jane street building to the Horatio street building, as shown on the diagram constituting paragraph " Sixth " of the complaint for the support of the roof of the defendant's building to the east; in the same building operation defendant also took possession of and excluded plaintiff from possession of the portion of its said premises bounded by the said wall on the west, the center line of the block on the south, the line of lot 38 on the east and the southerly side of the Horatio street building on the north, such portion being the shaded portion on the said diagram.

The relief demanded by the complaint is a judgment enjoining and restraining defendant from excluding plaintiff from possession of said portion of said premises and ordering and directing defendant to remove the said wall from plaintiff's said premises and enjoining and restraining defendant from using the wall of plaintiff's Jane street building to support the roof beams of defendant's adjoining building to the east and ordering and directing the defendant to restore the said Jane street building to its condition prior to the commission of the acts complained of, and for such other and further relief as to the court may seem just and equitable in the premises.

The defendant's answer claims that the use made by defendant of plaintiff's property is lawful by virtue of an easement appurtenant to its adjoining premises. The defense is that the wall of the plain-tiff's building, which was used to support the roof of defendant's building, is a party wall and that, therefore, the defendant had the right, as an appurtenance to its property, to support the roof of its building thereon. The erection of the new wall within the lines of the premises demised to the plaintiff is justified on the ground

that the same is an extension of the party wall and the other alleged wrongful acts are justified on the same general theory, that defendant took and used only what was its own and appurtenant to its premises.

This action has been tried and judgment entered in favor of defendant on the merits, and an appeal therefrom is now pending. The present motion to cancel the notice of pendency of action was made after said trial and nearly two years after the notice was filed.

This issue as to whether the wall of the plaintiff's building was a party wall was clearly presented on the trial as is shown by the findings. Findings 7 and 12 in the court's decision contain provisions to the effect that the easterly wall of plaintiff's building was and is used as a party wall and also forms the westerly wall of the building erected upon the lot immediately adjoining said premises to the east thereof and known as Nos. 100–108 Horatio street and Nos. 99–109 Jane street, which are the premises against which the notice was filed. The plaintiff took exception to these findings and requested the court to find that the easterly wall of plaintiff's said building was, at the time the same was leased to the plaintiff, an independent and not a party wall, and this request to find was refused by the court. This was the main issue in the case, as shown by the pleadings and by the decision of the court upon the trial. In other words, the controversy in this case is as to whether the defendant, by its lease of property therein described by metes and bounds, acquired easements or rights as appurtenant thereto in the premises leased to the plaintiff.

I am of the opinion that this is an action brought to recover a judgment affecting the possession, use or enjoyment of real property, and, therefore, the notice of pendency of action was properly filed both under section 1670 of the Code of Civil Procedure and section 120 of the Civil Practice Act.

As was said in *Moeller* v. *Wolkenberg* (67 App. Div. 487): " It is sufficient if the right asserted by the plaintiff is of a character that could affect ' the possession, use or enjoyment ' of the property, and the action is one wherein the judgment asked would be binding not only upon the defendant, but upon her successors in title as well. In such an action — which in substance is one *in rem* — the object of the *lis pendens* is to retain the subject-matter within the power of the court until the judgment is entered, since otherwise, by successive alienations, such judgment or decree would be rendered ineffectual.

"As the interest, therefore, which the plaintiff asserts in the defendant's property is of a nature which would limit the use and

prevent the enjoyment thereof in the manner in which the defendant has used or is attempting to use and enjoy it, the action is within the provisions of section 1670 of the Code of Civil Procedure, and it follows that the court has no power to cancel the *lis pendens.*"

In *Schomacker* v. *Michaels* (189 N. Y. 61) the facts were that plaintiff had sold certain premises, pending a suit for damages against certain railroad companies, and had reserved by the deed his claim for damages against the railroads for fee and rental damages resulting from the construction of the railroad. The grantee covenanted to allow the plaintiff to prosecute the suits in her name for the recovery of such damages and to execute any conveyances that might be presented to her by plaintiff, necessary to release her rights to the companies upon the settlement of the suits. The grantee further covenanted to insert a similar covenant in any conveyance she might make of the premises. The defendant became vested of title by various mesne conveyances. The action was brought because plaintiff had reached an agreement with the railroad companies to settle his claim for $3,600, and had demanded that defendant execute a release of the easements in the property to the companies, which she refused to do. The demand of the complaint was that defendant execute such release, or in default of her doing so, the referee execute it in her behalf and in her name, or, if neither of such prayers be granted, that plaintiff have a lien on the property for $3,600, the amount of the proposed settlement. A notice of pendency of action had been filed, which was ordered canceled by this court. In reversing the order Chief Judge Cullen said (at p. 64): " No express authority is given to cancel the notice because the action is not one in which it may properly be filed. But we shall assume such power is vested in the court. The question, therefore, presented is whether the present action is brought to recover a judgment affecting the title to real property, and we do not see how there can be any doubt on the subject. The relief demanded is that the defendant execute a release to the railroad companies of the easements in Fourth avenue, which, until she releases them, are appurtenant to her premises. The defendant has now easements of light, air and access upon which the railroad companies are trespassing. These by law are appurtenant to her land. If the plaintiff is successful in the suit and compels her to release those easements to the railroad companies, it is very plain that the defendant's title will be different from that which she now holds."

The certified question: " Was this action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property, within section 1670 of the Code of Civil Procedure,

so that the plaintiff was entitled to file a notice of the pendency of the action? " the court answered in the affirmative.

I am of the opinion that appellant is right in its contention that if the plaintiff is successful in the suit and compels the defendant to remove the beams from the plaintiff's wall and compels it to remove the extension erected on the plaintiff's premises and compels the defendant to restore the windows bricked up and plaintiff establishes its contention that the wall of this building is not a party wall and that no rights therein are appurtenant to the defendant's premises, it is very plain that the defendant's title will be different from that which it now holds. In other words, the defendant will not have as much property as it now has.

Furthermore, the analogy between the present case and the *Schomacker* case is clear. In both cases defendant enjoyed an easement at the commencement of the action; in both defendant would be without the easement after judgment, if plaintiff succeeded upon the trial. The only difference between them is, that in one case the release of a valid easement was sought to be enforced; in the other the enjoyment of an invalid easement was sought to be ended. But the purpose and ultimate aim of both is the same, to obtain a judgment whereby defendant's rights attaching to its ownership of its property will be less than those it now holds.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., FINCH and McAVOY, JJ., concur; SMITH, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.