## (October 3, 1963)

■ In the Matter of IRVING MASON, Appellant, v. BUSCH'S KREDIT JEWELRY Co., INC., Respondent.— Order, entered on April 15, 1963, denying appellant's petition to vacate assignment of wages given in 1950 and for return of moneys recently collected thereunder, unanimously affirmed, without costs, with leave to appellant to renew his petition on the ground of laches of respondent, if the circumstances warrant, within 60 days from notice of entry of the order hereon. Appellant's contention that the Statute of Limitations prevents enforcement of the assignment might have merit if the assignment covered only specific wages earned in the past beyond the period of limitations, and if the assignee's right of action related back to such time-barred accruals of wages (see *Matter of Isensee,* 7 A D 2d 224, affd. 7 N Y 2d 873). However, this assignment covers all wages earned "until the indebtedness * * * shall have been paid in full", and thus recent wages earned are subject to the assignment as long as the indebtedness has not in fact been fully paid. Consequently, the assignee's rights, and therefore rights of action, accrue upon these wages as they are earned. The applicable Statute of Limitations, in further consequence, does not bar the rights of the assignee to the recent wages (*Matter of Lott,* 49 N. Y. S. 2d 134, 139). However, equitable assignments such as this are enforced only so long as it is not against public policy or inequitable to do so (see *Field* v. *City of New York,* 6 N. Y. 179, 186–187). Since respondent apparently has failed for over 12 years to enforce its right to collect assigned wages, the circumstances may show it should be barred by its laches, which, to be sure, requires detriment to the one resisting a claim and inexcusable delay on the part of the claimant (see *Reynolds* v. *Snow,* 10 A D 2d 101, 111, affd. 8 N Y 2d 899; *Prouty* v. *Drake,* 18 Misc 2d 887, 890–891; *Palmer* v. *Palmer,* 112 Me. 149, 155–156). If respondent is guilty of laches, the wage assignment may, perhaps, be vacated under the statute (Personal Property Law, § 47-e). Of course, the court does not now pass on any of the legal implications which may rise from facts not now presented to it. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ 416 PROPERTIES INC., Appellant, v. DANIEL STAMPLER, Respondent.— Order, entered on August 6, 1963, vacating *lis pendens,* unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and motion by defendant to vacate *lis pendens* denied. Plaintiff seeks to declare null and void an agreement of easement affecting an alley one half owned by each party. Plaintiff may file a *lis pendens* under section 6501 of the Civil Practice Law and Rules (formerly Civ. Prac. Act, § 120) because the action is brought to recover a judgment "affecting the title to, or the possession, use, or enjoyment of real property". (See *Schomacker* v. *Michaels,* 189 N. Y. 61, especially 64–65; *Lafayette Forwarding Co.* v. *Rothbart Garage Operators,* 205 App. Div. 247.) *Braunston* v. *Anchorage Woods* (10 N Y 2d 302) is distinguishable in that it involved only a nuisance, that is, a remedy for tort. Thus, the issue there was unrelated to the title, possession, use or enjoyment of defendant's land, in the property sense of those terms. While in this case a trespass is involved contingently, the central issue is that involving a property interest, namely, an easement. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.