OPINION OF THE COURT
Thomas E. Mercure, J.
Petitioner moves by way of order to show cause to have a certain wage assignment vacated.
Petitioner was a coborrower with her former husband, Edward Rowley, of the sum of $665.41 from the respondent some 18 years ago.
At the time of the loan, petitioner and Edward Rowley executed a wage assignment containing the following language: “in consideration of said loan, I hereby assign, transfer and convey and set over unto said Assignee ten per cent (10%) of all my wages, salary, commissions or other compensations * * * to accrue to me at any time hereafter * * * and continuing until the loan secured hereby and described above shall have been fully paid and satisfied.”
The loan, after being made, soon went into default, and was collected by respondent almost exclusively by wage assignment from Edward Rowley. Approximately seven years ago, Mr. Rowley left the area, and respondent began to contact petitioner to seek payment of the loan.
Pursuant to section 46-e of the Personal Property Law, copies of the papers executed by petitioner were delivered *363 to her when the loan was made and again on November 14, 1975. The wage assignment was originally filed with the Montgomery County Clerk on January 25, 1966. The assignment was refiled in the Montgomery County Clerk’s office on October 24, 1983. The assignment was filed with petitioner’s employer, Coleco Industries, Inc., on November 1, 1983. The amount now due is $630.65, including interest.
The thrust of petitioner’s argument is twofold. First of all, petitioner argues that the enforcement of this wage assignment should be prohibited by laches of the respondent. Secondly, petitioner relies on section 47-c of the Personal Property Law and avers that the wage assignment is not properly filed.
Respondent argues that it is not guilty of laches, and that it had numerous contacts with petitioner, both in person and by telephone over the years. Respondent avers that it was unable to execute on its wage assignment despite efforts to so because “Mrs. Rowley began a series of ‘under the table jobs’, such as waitressing and the like”. Respondent argues further that all requirements necessary under the Personal Property Law have been complied with, and the wage assignment is properly filed.
If respondent is guilty of laches, the wage assignment may be vacated under the statute. (Personal Property Law, § 47-e.) Laches requires inexcusable delay on the part of the claimant and detriment to the one resisting a claim. (See Reynolds v Snow, 10 AD2d 101, affd 8 NY2d 899.) The papers before the court do not show laches under the circumstances, and this defense must fail.
Section 47-c of the Personal Property Law provides: “The filing of assignments shall be valid for a period of two years only. The validity of the filing may in each case be extended for successive additional periods of one year from the date of refiling * * * within thirty days next preceding the expiration of each period”.
In the case at bar, the assignment was filed in 1966 and refiled in 1983. Petitioner argues that the assignment has no validity because it was not refiled each and every year between 1968 and 1983. Section 47-c does not indicate that assignments are no longer valid if not renewed annually. *364 The statute refers to the validity of the “filing of assignments” and not of the assignments themselves. Section 47-c is á “priority of liens” section, the purpose of which is to govern the rights of assignees when assignments have been filed by more than one assignee.
This assignment covers all wages earned until the loan secured shall have been fully paid and satisfied. As was held in Matter of Mason v Busch’s Kredit Jewelry Co. (19 AD2d 801): “this assignment covers all wages earned ‘until the indebtedness * * * shall have been paid in full’, and thus recent wages earned are subject to the assignment as long as the indebtedness has not in fact been fully paid * * * The applicable Statute of Limitations, in further consequence, does not bar the rights of the assignee to the recent wages.”
The respondent having complied with all applicable provisions of the Personal Property Law, the petition is dismissed and the temporary restraining order vacated.