■ PETER ORVILLE et al., Respondents, v NEWSKI, INC., Appellant.—Casey, J. Appeal from an order of the Supreme Court (Ellison, J.), entered January 29, 1988 in Tompkins County, which granted plaintiffs' motion to strike various

affirmative defenses in the answer and denied defendant's cross motion for summary judgment dismissing the complaint.

Pursuant to an agreement executed August 26, 1977, defendant purchased plaintiffs' interest in a newspaper business. The agreement provided that defendant would pay certain debts of plaintiffs and/or the newspaper business, totaling some $42,243.49 and owed to more than two dozen creditors. No schedule was provided as to the payment of specific creditors, but defendant was required to pay no less than $10,400 per year. Alleging that four creditors, owed a total of $16,625, had not been paid, plaintiffs commenced this action in January 1985. The complaint contains two causes of action: one whereby plaintiffs seek to recover damages in their own right in the amount of $16,625, and a second in which plaintiffs allege that they are agents of the four creditors and seek recovery of the $16,625 on behalf of the creditors. Defendant's answer contains a number of affirmative defenses, including the Statute of Limitations, lack of capacity to sue and failure to state a cause of action.

Plaintiffs moved to strike the affirmative defenses (except that based upon failure to state a cause of action) and defendant cross-moved for summary judgment dismissing the complaint on the grounds that the action was time barred and that plaintiffs had sustained no damages. Supreme Court granted plaintiffs' motion and denied the cross motion, resulting in this appeal by defendant.

At the heart of defendant's arguments on appeal is the claim that because the creditors would be barred by the Statute of Limitations from bringing actions against plaintiffs on the debts, plaintiffs cannot maintain this action against defendant based upon those debts. We find this argument persuasive as to the first cause of action in which plaintiffs seek to recover damages based upon defendant's breach of its contractual obligation to pay the four creditors. Because plaintiffs would have a complete defense to any action by the creditors on the debts, a fact which plaintiffs do not dispute, they have sustained no damages as a result of defendant's breach. Plaintiffs' reliance on *Greenley v Greenley* (114 App Div 640) and *Greenly v Shelmidine* (83 App Div 559) is misplaced, for those cases involved actions for specific performance, not damages. Because damages are an essential element of a breach of contract cause of action *(see, Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530), defendant's motion for summary judgment should have been granted as to the first cause of action.

We reach a contrary conclusion, however, as to plaintiffs' second cause of action. Because defendant's performance under its contract with plaintiffs would have satisfied plaintiffs' obligation to pay money to the creditors, the creditors are more than mere "incidental" beneficiaries and are entitled to maintain an action upon defendant's breach *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44; Restatement [Second] of Contracts § 302 [1]). Plaintiffs' complaint and moving papers allege that they have been appointed agents of the creditors for the purpose of maintaining this action and defendant has submitted no evidence to the contrary.

Turning to the Statute of Limitations question, we disagree with plaintiffs' claim, adopted by Supreme Court, that no breach of contract occurred until the expiration of the four-year period within which all debts should have been paid according to the contract. We also reject defendant's contention that the breach occurred upon execution of the contract. As noted above, the contract required only that defendant pay the debts at a rate of no less than $10,400 per year, with no provision for any schedule or priority as to the payment to any particular creditor. Although compliance with this minimum payment requirement would have resulted in the payment of the entire $42,243.49 in no less than four years, the contract contains no set term. Rather, defendant was required to make the minimum payment until the debts were paid or until the occurrence of a specified alternative event.* We conclude, therefore, that defendant's contractual obligation to make a minimum annual payment of $10,400 was a continuing one that could terminate only upon the happening of the two specified alternative events. Because it is conceded that not all of the debts have been paid and because there is no claim that the other terminating event has occurred, the contractual obligation to pay no less than $10,400 per year remained in full force and effect. We are of the view that a breach of the contract occurred each year in which defendant failed to make the minimum payment, and because the obligation is a continuing one, defendant's Statute of Limitations claim is without merit *(see, Bulova Watch Co. v Celotex Corp.,* 46 NY2d 606, 611-612; *Matter of Mason v Busch's Kredit Jewelry Co.,* 19 AD2d 801). We also find no merit in the

---

* The alternative event involved plaintiffs' exercise of an option to purchase certain shares of stock in defendant, and there is no claim that this option was exercised.

remaining affirmative defenses which were struck by Supreme Court's order. The order should, therefore, be affirmed, except to the extent that it denied defendant's motion for summary judgment dismissing the first cause of action in the complaint.

Order modified, on the law, without costs, by reversing so much thereof as denied the cross motion for summary judgment dismissing the first cause of action in the complaint; cross motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.