■ Sharadchandra G. Desai, Respondent, v Blue Shield of Northeastern New York Inc., Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered May 6, 1991 in Albany County, upon a decision of the court in favor of plaintiff.

On January 5, 1978 plaintiff signed an agreement with defendant whereby plaintiff agreed to provide dental services to defendant's subscribers in accordance with the terms of the contracts between that entity and its subscribers (hereinafter the participating dentist agreement). Defendant agreed to pay plaintiff directly for professional services rendered in accordance with fee schedules determined by its board of directors. At approximately the same time, plaintiff signed a "confidential fee profile" certifying the usual charges for services common to his practice.

The parties apparently began to perform pursuant to their contractual agreement in January 1978 when plaintiff opened a dental office in Warren County. Plaintiff negotiated with

local unions to provide dental services to union members at special rates (hereinafter the union fee schedule) and to waive any portion of the fee for dental services not covered by the patient's insurance (hereinafter the co-payment). In April 1979 defendant, concerned about the number of claims plaintiff had submitted, waiver of the co-payment and whether the confidential fee profile submitted actually represented his "usual charges", suspended payments to plaintiff for the services he rendered to its subscribers. Defendant then reduced plaintiff's confidential fee profile to the lower union fee schedule and recalculated its previous payments to plaintiff. The recalculation indicated that plaintiff had been overpaid, and defendant began recouping that overpayment by withholding 50% of all payments to plaintiff until the alleged overpayment was recouped.

Ultimately, plaintiff commenced this action seeking, *inter alia,* recovery of the money withheld in satisfaction of the alleged overpayment, money withheld prospectively based on reduction of plaintiff's fee schedule and punitive damages. Defendant answered and asserted affirmative defenses and counterclaims. Plaintiff replied and, after discovery, a nonjury trial was held. Supreme Court found for plaintiff and entered a judgment awarding plaintiff $125,553.95 in compensatory damages, $100,000 in punitive damages and dismissing defendant's affirmative defenses and counterclaims. This appeal by defendant ensued.

In reviewing the findings of fact rendered by a court in a nonjury trial, we must weigh the conflicting testimony and inferences drawn therefrom *"[i]f* the credible evidence in the record indicates that a different finding from that of the trial court is not unreasonable" *(Matter of Fasano v State of New York,* 113 AD2d 885, 888 [emphasis supplied]). Here, defendant's argument that it was justified in unilaterally reducing plaintiff's confidential fee profile and recouping an alleged overpayment is premised upon its affirmative defenses and counterclaims that plaintiff breached the participating dentist agreement, thus entitling defendant to the action it undertook. On such claims, defendant bore the burden of proof. To such end, defendant argues (1) that plaintiff reported fees on his confidential fee profile that were not his "usual" fees because his usual fee was that contained in the union fee schedule, and (2) plaintiff's usual fees were lower than those reported in the confidential fee profile because plaintiff chose to waive the co-payment due from subscribing patients.

The participating dentist agreement incorporates all of the contracts existing between defendant and its subscribers, including plaintiff. The contract received into evidence in this case includes a participating dentist agreement which defines "Usual, Customary and Reasonable Charge" as "the lower of (i) the usual fee which the Dentist who renders Dental Services most frequently charges to the majority of his patients for a similar service or dental procedure, or (ii) a fee which is charged in the locality by most Dentists of similar training and experience" for similar services. At trial, plaintiff submitted the confidential fee profile listing as his "usual charges" the fees he intended to charge private uninsured patients not affiliated with any group even though, at the time, he believed that a substantial number of his patients would be members of groups with whom a prior arrangement as to fees would have been made. Although the participating dentist agreement provides that plaintiff was entitled to payment at the lower of (1) the rate that he charged a majority of his patients or (2) a rate set by defendant reflecting the fees charged by most dentists in the locality, defendant failed to establish what fees were charged to a majority of plaintiff's patients. In fact, the trial testimony established that only about 5% of plaintiff's patients were charged according to the union fee schedule, with the balance of the patients charged according to fee schedules arranged for other programs. Therefore, defendant never determined plaintiff's total patient load and the fees charged to those patients. Accordingly, defendant failed to meet its burden as to proof of damages on its claims for breach of contract (see, Orville v Newski Inc., 155 AD2d 799, 800, lv dismissed 75 NY2d 946).

This failure also vitiates defendant's claim for damages based on its contention that plaintiff also breached the participating dentist agreement by waiving co-payments for some patients because proof of the fee charged the majority of plaintiff's patients would be necessary to prove the degree to which his actual practice deviated therefrom. The contention is meritless in any event because the participating dentist agreement allows plaintiff to collect directly from the patient a co-payment of "not more than 20%" of the usual fee, manifesting a clear range of possible charges under 20%, including zero or no charge. Accordingly, we are constrained to find that Supreme Court did not err in awarding plaintiff compensatory damages in the amount of the recoupment.

We reach a different conclusion with respect to Supreme

Court's award of punitive damages. In *O'Dell v New York Prop. Ins. Underwriting Assn.* (145 AD2d 791) we noted that where, as here, a plaintiff's claim for punitive damages is premised upon breach of contract, such damages are not recoverable absent an extraordinary showing of a disingenuous failure by the defendant to carry out its contract *(supra, at 792)*. In sum, there must be a showing of "morally culpable conduct" *(Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907). Inasmuch as plaintiff's action for wrongful withholding of funds is grounded upon a private breach of contract and does not seek to vindicate a public right nor deter, in our view, morally culpable conduct, punitive damages were not recoverable *(see, supra)*.

Casey, Weiss, Levine and Harvey, JJ., concur. Ordered that judgment is modified, on the law, without costs, by reversing so much thereof as awarded punitive damages to plaintiff, and, as so modified, affirmed.