■ VINCENT C. STALIS, JR., et al., Appellants-Respondents, v SUGAR CREEK STORES, INC., Respondent-Appellant. (Appeal No. 1.) [744 NYS2d 586] —Appeal and cross appeal from parts of an order of Supreme Court, Steuben County (Bradstreet, J.), entered November 14, 2000, that, inter alia, determined certain of the parties' rights and obligations under a lease.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacat-

ing the fifth ordering paragraph and denying that part of defendant's cross motion seeking summary judgment dismissing as time-barred the claims alleging that defendant breached its lease obligations with respect to the septic system and as modified the order is affirmed without costs.

Memorandum: This dispute is between plaintiffs, as sublessees/operators of a restaurant at a truck stop pursuant to a long-term lease, and defendant, as successor to the original sublessor and as operator of the gasoline station business also conducted at the truck stop. Plaintiffs commenced this action in November 1997 seeking, inter alia, money damages and injunctive relief for defendant's alleged breach of various provisions of the lease. Defendant counterclaimed for and otherwise alleged plaintiffs' breach of the lease in various respects. On plaintiffs' motion and defendant's cross motion for summary judgment, and subsequently on the parties' respective motion and cross motion for reargument, Supreme Court resolved certain issues as a matter of law and determined certain of the parties' rights and obligations under the lease, while reserving other issues for trial. Plaintiffs appeal and defendant cross-appeals from both the original order (appeal No. 1) and the subsequent one granting reargument in part (appeal No. 2).

On plaintiffs' appeal, we conclude that the court erred in determining that plaintiffs' claims alleging the breach by defendant of its obligation under the lease with respect to the septic system are time-barred. By paragraph C (13) of the lease, defendant warranted "that the leased premises and related water and sewage facilities comply with all State and local laws and regulations with respect to" the use of the premises as a restaurant. The court erred in concluding that such warranty was breached, if at all, at the outset of the lease term and that defendant's only obligation was "to install a code complying system in the first instance." That interpretation is belied by the provision in the lease that the sublessor "will continue * * * to be responsible for code compliance of * * * sewage." Rather, we conclude that the issue whether these claims are time-barred should not be decided as a matter of law at this juncture.

"The general rule applicable to contract actions is that a six-year Statute of Limitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation" (*Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 80). "However, where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that

accrual occurs continuously" (*id.*). Because defendant's obligation to assure "code compliance" with respect to the septic system was a continuing one (*see Orville v Newski Inc.,* 155 AD2d 799, 801, *lv dismissed* 75 NY2d 946), the claims for breach of that obligation are "not referable exclusively to the day the original wrong was committed" (*1050 Tenants Corp. v Lapidus,* 289 AD2d 145, 146; *cf. State of New York v CSRI Ltd. Partnership,* 289 AD2d 394, 395; *Kearney v Atlantic Cement Co.,* 33 AD2d 848, 849). Instead, "a cause of action accrue[d] anew every day" for each continuation of the wrong (*1050 Tenants Corp.,* 289 AD2d at 146 [internal quotation marks omitted]), and thus the statute of limitations has not run on attempts to enforce defendant's obligation prospectively (*see Orville,* 155 AD2d at 801; *cf. 509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 52; *Meruk v City of New York,* 223 NY 271, 275-276; *Galway v Metropolitan El. Ry. Co.,* 128 NY 132, 143). To the extent that the amended complaint seeks injunctive or other prospective relief, such claims therefore are not time-barred (*see generally Sova v Glasier,* 192 AD2d 1069, 1070; *Kearney,* 33 AD2d at 849). In contrast, plaintiffs' claims for damages might be time-barred, depending on their origins and nature. In particular, claims for damages accruing more than six years before the commencement of this action would be time-barred (*see Bulova Watch Co. v Celotex Corp.,* 46 NY2d 606; *Airco Alloys Div.,* 76 AD2d at 80; *see generally Jensen v General Elec. Co.,* 82 NY2d 77, 85; *Sova,* 192 AD2d at 1070; *State of New York v Schenectady Chems.,* 103 AD2d 33, 37-38). The record does not establish the particulars of plaintiffs' claims, including the precise nature and timing of the alleged breach or breaches by defendant of its contractual obligations. We thus are unable to resolve the statute of limitations issue as a matter of law (*see Airco Alloys Div.,* 76 AD2d at 80-81). We therefore modify the order in appeal No. 1 by vacating the fifth ordering paragraph and denying that part of defendant's cross motion seeking summary judgment dismissing as time-barred the claims alleging that defendant breached its lease obligations with respect to the septic system. We likewise modify the order in appeal No. 2, entered on reargument, by vacating the second and third ordering paragraphs, by which the court granted that part of defendant's cross motion for summary judgment determining that "plaintiffs are required under [the] Lease to repair or replace the septic system." That determination is premature in light of triable issues of fact bearing on plaintiffs' septic system claims.

The court properly determined that defendant's provision of ATM machines, phones, air supply, truck scales and phone

cards are not "vending or other food services" as that phrase is used in the lease. Such services therefore are not subject to plaintiffs' right of first refusal, and the court thus properly denied that part of plaintiff's motion for summary judgment seeking a contrary determination. The court also properly determined that defendant's proposed operation of a convenience store is subject to plaintiffs' right of first refusal.

On defendant's cross appeal, we conclude that the court properly denied that part of defendant's cross motion for summary judgment seeking a determination that plaintiffs are in breach of their lease obligations with respect to the water and septic systems. There are triable issues of fact precluding summary judgment for either party on the ultimate issue of which party, if either, breached the lease in those respects. Present— Green, J.P., Hurlbutt, Kehoe and Gorski, JJ.