Daisy HUANG and Platinum
Star Enterprises, L.L.C.,
Plaintiffs–Appellants,

v.

The SIAM COMMERCIAL BANK
PUBLIC COMPANY LIMITED,
Defendant–Appellee.

No. 06–3569–cv.

United States Court of Appeals,
Second Circuit.

Sept. 18, 2007.

**300**

Neil S. Binder (Sarah C. Hann, Reema S. Abdelhamid, on the brief), Richards Kibbe & Orbe LLP, New York, NY, for Plaintiffs–Appellants.

Edward M. Fox, Kirkpatrick & Lockhart Preston Gates Ellis LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges, Hon. CHARLES L. BRIEANT, JR.,* District Judge.

## SUMMARY ORDER

Plaintiffs–Appellants Daisy Huang and Platinum Star Enterprises, L.L.C. ("Plain-

tiffs") appeal from an order of the District Court dismissing their lender's liability claim for failure to state a claim and as a compulsory counterclaim pursuant to Fed. R.Civ.P. 13(a), and their breach of contract claim both as a compulsory counterclaim and as time-barred. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

■ Plaintiffs first argue that the District Court erred in finding that their lender's liability claim was barred as a compulsory counterclaim under Rule 13(a) because it "clearly did not arise out of the loan transactions or mortgage foreclosures" that were the subject of the previous two actions brought by Siam. We disagree. Plaintiffs' contention that Siam intervened in the management of her businesses to such an extent that the businesses became "financially dependent upon" Siam is "so logically connected" to Siam's attempt in the prior two actions to collect payment on credit notes extended to Huang and her businesses that Rule 13(a) bars plaintiffs from pursuing that claim in a separate action. *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978)).[1]

■ Plaintiffs also argue that the District Court erred in dismissing their breach of contract claim as a compulsory counterclaim. We need not address this

---

1. Plaintiffs argue that Rule 13(a) should not bar their claims because the mortgage agreements underlying the foreclosure actions brought by Siam prevented them from raising any counterclaims. However, we have expressly held that a waiver of counterclaim provision is unenforceable. *See Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 129 (2d Cir.1994). Thus, plaintiffs had the ability to raise their claims as counterclaims in the previous actions, and under Rule 13(a), their failure to raise their claims in those actions precludes raising them here.

issue, however, because the District Court correctly determined that this claim was barred under New York's statute of limitations. The parties dispute whether this claim is properly one for breach of contract or fraudulent inducement. However, the claim is time-barred regardless of how it is characterized. If treated as a claim for fraudulent inducement, as the District Court did, the statute of limitations begins to run "six years from the commission of the fraud or two years from discovery, whichever is longer." *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 746 (2d Cir.1979). The fraud allegedly occurred in 1992, and Huang claims she discovered the fraud in 2000, when she requested that Siam sell her shares in the mutual fund. Therefore, plaintiffs' claim should have been brought by 2002 at the latest, whereas this action was filed in February 2006.

 If treated as a claim for breach of contract, "the cause of action accrues and the Statute of Limitations begins to run from the time of the breach." *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 550, 415 N.Y.S.2d 785, 389 N.E.2d 99 (N.Y.1979). At the latest, the breach here initially occurred in 1993, a year after Huang invested in the fund, when she failed to receive her first 7% annual return on her investment. Plaintiffs, however, urge that the breach reoc-

curred annually, and under the "continuing performance doctrine," "each breach may begin the running of the statute anew such that accrual occurs continuously." *Stalis v. Sugar Creek Stores, Inc.*, 295 A.D.2d 939, 940–41, 744 N.Y.S.2d 586, 587 (4th Dept.2002) (internal quotation marks and citation omitted). Even if this doctrine applies, however, plaintiffs' claim is still untimely because the alleged mutual fund contract was only for a period of five years, through 1997. Thus, plaintiffs' claim would have expired in 2003.[2]

We therefore conclude that the District Court properly dismissed plaintiffs' claim for lender's liability as a compulsory counterclaim under Rule 13(a), and that the breach of contract claim, however characterized, was properly dismissed as time-barred.

Accordingly, the judgment of the District Court is AFFIRMED.

---

**2.** Huang further contends that her breach of contract allegations also state the elements of a claim for promissory estoppel. The District Court did not address promissory estoppel in its opinion. However, even assuming that Huang's complaint does state such a claim under New York law, it too would be time-barred. In New York, the statute of limitations for promissory estoppel claims is six years from the breach of promise, *see Schmidt v. McKay*, 555 F.2d 30, 36 (2d Cir.1977), which here allegedly occurred in 1993. Thus, any promissory estoppel claim expired in 1999.