ERLINDA DOMINGUEZ, dba LAW OFFICES OF ERLINDA DOMINGUEZ, Plaintiff-Appellant,
v.
PRICE OKAMOTO HIMENO & LUM, a Law Corporation, Defendant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; and DOE PARTNERSHIPS, Defendants.
No. 28140
Intermediate Court of Appeals of Hawaii.
April 29, 2009.
On the briefs:
Erlinda Dominguez, for Plaintiff-Appellant.
William C. McCorriston, McCorriston Miller Mukai, MacKinnon, for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Fujise and Leonard, JJ.)
Plaintiff-Appellant Erlinda Dominguez, dba Law Offices of Erlinda Dominguez (Dominguez), appeals from the Circuit Court of the First Circuit's (circuit court) September 6, 2006 Judgment in favor of Defendant-Appellee Price Okamoto Himeno & Lum (POHL).[1]
On September 21, 1989, Dominguez filed a complaint on behalf of Junie and Juan Barnedo (collectively the Barnedos) in the United States District Court, District of Hawai'i (U.S. District Court), against Marukiku Menki Company (Marukiku), a Japanese corporation, for injuries sustained by Junie Barnedo while she was operating a noodle making machine manufactured by Marukiku. On August 24, 1993 the U.S. District Court entered a default judgment in favor of the Barnedos and against Marukiku for $483,875.09.
On January 22, 1992 the Tokyo District Court entered a default judgment in case no. 7825 in favor of Marukiku and against the Barnedos (Japan judgment).[2] The declaratory judgment stated that Marukiku brought the underlying action in order to confirm that it was not liable for the damages Junie Barnedo sustained from injuries caused by the noodle making machine manufactured by Marukiku. Judgment was entered in Marukiku's favor because the Barnedos failed to appear for oral argument or answer Marukiku's complaint, despite having been duly summoned.
In February of 1994, Dominguez and POHL entered into a counsel association agreement (counsel agreement) which set forth the terms of a counsel relationship between Dominguez and POHL. Paragraph 5 of the counsel agreement stated, "[Dominguez] will carry her own professional liability insurance and indemnify POHL for any alleged legal malpractice which occurred prior to the effective date of the agreement." Paragraph 6 of the counsel agreement provided, "POHL will carry its own professional liability insurance and indemnify [Dominguez] for any alleged legal malpractice which occurs after the effective date of the agreement."
On June 3, 1996, Dominguez and POHL dissolved their counsel relationship (1996 termination agreement), but agreed that " [t]he parties will keep their rights and obligations arising from the original agreement that took effect on Feb. 1, 1994 [.] "
In July of 1999, the Barnedos filed a complaint against Dominguez alleging that Dominguez's handling of the lawsuit in the U.S. District Court, and her failure to defend the Barnedos in the action filed in Japan by Marukiku constituted malpractice. A jury subsequently found that Dominguez was negligent in serving Marukiku by mail and/or publication, by failing to name a third party defendant in the action in U.S. District Court, and by failing to properly defend against the Japan action. The jury awarded the Barnedos $483,875.09 in total damages. After adding prejudgment interest, the amount awarded to the Barnedos increased to "approximately a million and a half" dollars.
On November 28, 2003 Dominguez filed a complaint against POHL alleging, inter alia, that any errors in the handling of the Barnedos' matter were "attributable to the negligence and conduct of [POHL] who was a co-counsel in the handling of the injury claims of the Barnedos and who was also controlling, directing and managing the claims and cases where [Dominguez] was involved...." On February 2, 2004, Dominguez filed a First Amended Complaint (FAC).
In its answer to Dominguez's FAC, POHL asked the circuit court to dismiss Dominguez's action, enter judgment in favor of POHL, award POHL costs and attorneys' fees, and award POHL "other relief." Additionally, POHL filed a counterclaim against Dominguez. Count I of POHL's counterclaim alleged that Dominguez breached the counsel agreement because Dominguez failed to carry her own professional liability insurance. Count II alleged abuse of process because Dominguez "[knew] or should have known" that her allegation that POHL was legally obligated to indemnify Dominguez was false. Finally, POHL's counterclaim prayed for judgment in its favor, an award of general, special, and punitive damages, prejudgment interest, costs, and reasonable attorneys' fees, and other relief that the court deemed just.
On November 15, 2005, Dominguez filed a motion for summary j udgment as to Count I, breach of contract, of POHL's counterclaim based upon Hawaii Revised Statutes § 657-1 (MSJCount I).[3]
On November 17, 2005, Dominguez filed a motion for summary j udgment and/or motion to dismiss in reference to Count II, abuse of process, of POHL's counterclaim based upon no abuse of process and no claim for relief for POHL (MSJ  Count II).
On December 14, 2005, POHL filed a motion for summary j udgment as to Dominguez's claim for indemnification and on its counterclaim for breach of contract (POHL MSJ  Count I).
On the same day, POHL also filed its motion for summary judgment as to Dominguez's FAC (POHL MSJ  FAC), asserting that "POHL Is Entitled to Summary Judgment on [Dominguez's] Claim for Indemnification and Tortious Conduct."
On March 1, 2006, the circuit court entered four orders on the motions filed by Dominguez and POHL. The four orders were: (1) an order denying the MSJ  Count I, (2) an order granting the MSJ  Count II, (3) an order granting the POHL MSJFAC, and (4) an order granting the POHL MSJ  Count I.
Dominguez subsequently filed a number of motions for reconsideration, dismissal, and for attorneys' fees, all of which were denied. POHL moved for, and was granted, a total of $115,932.14 in attorneys fees, general excise tax (GET), and costs.
On September 6, 2006, the circuit court entered judgment as follows: (1) in favor of POHL as to all claims raised in the complaint, the FAC, and in POHL's counterclaim for breach of contract, (2) in favor of Dominguez on POHL's counterclaim for abuse of process,[4] and (3) in favor of POHL and against Dominguez for $115,932.14.
Dominguez asserts the following points of error on appeal:
(1) "The Court erred in admitting arguments and evidence of [POHL] as to Japan law, orders and judgment, overruling [Dominguez's] Objections of [POHL's] failure to plead these affirmative defenses, erred in admitting Japan exhibits that were not properly authenticated and erred in taking 'judicial notice' of Japanese law, erred in the correct application of U.S. and Japan laws."
(2) "The Court erred in ruling that [POHL's] counterclaim as to [Dominguez's] professional insurance is not time-barred by the six years [sic] statute of limitations; the Court provided two vague and inconsistent `accrual and tolling dates' for [POHL]: that [Dominguez's] obligation was `continuing' that tolled the statute of limitations and that [POHL's] only damage claim is its fees and costs `in this suit' and its claim did not accrue until [Dominguez] filed this instant suit."
(3) "The Court erred in adding provisions in the Agreement between the parties by concluding that [Dominguez] was required to purchase professional insurance that had retroactive effect to cover errors that would extend to indefinite number of years in the past and unknown number of years in the future, for limitless risks and policy amounts."
(4) "The Court erred in refusing to dismiss [POHL's] only claim for damages of fees and costs `in this suit' as [POHL] has no contractual claim on fees and is not allowed by statute."
(5) "The Court erred in refusing to dismiss [POHL's] only damage claim for fees `in this suit' because it is not a proper claim for a counterclaim as it did not exist when [Dominguez] sued, and was not properly pleaded."
(6) "The Court erred in awarding [POHL's] fees and costs that cannot be allowed under the law, and which were arbitrary, exorbitant, unnecessary and not properly supported[.]"
(7) "The Court erred in disallowing [Dominguez's] fees and costs... for defending against [POHL's] counterclaim of 'Abuse of Process' which was frivolous."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dominguez's points of error[5] as follows:
(1) The circuit court did not err in its consideration of Japan law or its reliance on certain exhibits related to the Japan action, and did not further err in granting POHL summary judgment as to Dominguez's FAC.
POHL was not required to plead Japan law and/or the Japan action as an affirmative defense, since those matters were used to negate the causation element of Dominguez's claims against POHL. Bhakta v. County of Maui, 109 Hawai'i 198, 212, 124 P.3d 943, 957 (2005).
The circuit court did not abuse its discretion in taking judicial notice of Japan law pursuant to Hawai'i Rules of Evidence (HRE) Rule 202 and Hawai'i Rules of Civil Procedure (HRCP) Rule 44.1. See State v. West, 95 Hawai'i 452, 456-57, 24 P.3d 648, 652-53 (2001) (stating "the traditional abuse of discretion standard should be applied in the case of those rules of evidence that require a `judgment call' on the part of the trial court").
The circuit court properly considered the Japan judgment, since that judgment was admissible pursuant to HRE Rule 902(3). Although the letter dated February 19, 1991, from David Kuwahara to the court clerk in Japan acknowledging receipt of the Marukiku complaint against the Barnedos in case no. 7825, was not properly authenticated under the HRCP 56(e), there was no dispute as to its content, and it may be considered since it was offered by both Dominguez and POHL. Takaki v. Allied Machinery Corp., 87 Hawai'i 57, 69, 951 P.2d 507, 519 (App. 1998) (court considered exhibit attached to movants' memorandum in support of summary judgment motion where exhibit was referred to in nonmovant's affidavit and attached to his opposition memorandum).
To the extent that Dominguez disputed the authenticity of other documents relating to the Japan action, those other documents were not essential to the circuit court's ruling. Thus, even assuming arguendo that they were not admissible, any error was harmless. See HRCP Rule 61.
Based on the undisputed, admissible facts, POHL was entitled to summary judgment as a matter of law. Dominguez failed to raise a material question of fact as to whether POHL caused the damages claimed by Dominguez. In light of the Japan j udgment and its effect under Japan law, there is nothing in the record establishing that POHL could have executed the U.S. District Court j udgment in Japan. "A party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, nor is [the party] entitled to a trial on the basis of a hope that [the party] can produce some evidence at that time." Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (internal quotation marks and citation omitted). Thus, Dominguez's assertion that there was an issue of a material fact regarding the enforcement of the U.S. District Court's judgment "because no one tried to enforce it" is insufficient.
Accordingly, the circuit court did not err by considering the Japan judgment, by applying Japanese law, and by granting the POHL MSJ  FAC.
(2) The circuit court did not err by denying Dominguez's MSJ  Count I. To the extent that Dominguez was obligated to carry professional liability insurance under the counsel agreement, see section (3) below, that obligation was a continuing one and POHL's counterclaim for breach of contract was not barred by the statute of limitations.
As a general rule the time limit to institute an action based upon a claim for breach of contract begins when the contract is breached. Au v. Au, 63 Haw. 210, 219, 626 P.2d 173, 180 (1981) . However, "where a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period [.]" Condo Units, LP v. New York State Div. of Housing and Community Renewal, 4 A.D.3d 424, 425 (N.Y. App. Div. 2004) . Furthermore, "where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously." Stalis v. Sugar Creek Stores, Inc., 295 A.D.2d 939, 940-41 (N.Y. App. Div. 2002). Thus, for the purposes of the statute of limitations, the effect of a continuing obligation in a contract is that the "cause of action accrued anew every day for each continuation of the wrong." Id. at 941 (citation, internal quotation marks, and bracket omitted); see also Guilbert v. Gardner, 480 F.3d 140, 149-150 (2nd Cir. 2007); Ballin v. Ballin, 204 A.D.2d 1078, 1079 (N.Y. App. Div. 1994) .
Applying these principles here, any obligation by Dominguez to carry professional liability insurance under the counsel agreement was a continuing one, and her failure to do so constituted a continual breach. Thus, the circuit court did not err in finding that POHL's counterclaim was not time-barred.
(3) The circuit court erred in granting the POHL MSJCount I, since there was a genuine issue of material fact regarding whether Dominguez was required by the counsel agreement to carry professional liability insurance. Crichfield v. Grand Wailea Co., 93 Hawai'i 477, 482-83, 6 P.3d 349, 354-55 (2000) ("A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.").
Dominguez submitted a declaration in the circuit court asserting that "shortly after" the counsel agreement was executed in 1994, POHL orally waived the requirement, in paragraph 5 of the counsel agreement, that Dominguez maintain professional liability insurance. The circuit court assumed that assertion to be true for the purposes of summary judgment, but nevertheless concluded that the insurance requirement was reinstated by the 1996 termination agreement. However, we respectfully disagree with the circuit court, and conclude that there is a question of material fact as to whether the 1996 termination agreement reinstated the insurance requirement as set forth in paragraph 5 of the counsel agreement. Accordingly, the circuit court erred in granting the POHL MSJ  Count I.
(4) The circuit court did not err in awarding POHL its attorneys' fees, GET, and costs on the FAC. The FAC was an action "in the nature of assumpsit," and POHL was the prevailing party and accordingly was entitled to its attorneys' fees, GET, and costs relating to its defense against Dominguez's FAC under HRS § 607-14 (Supp. 2007)[6]. See Kamaka v. Goodsill Anderson Ouinn & Stifel, 117 Hawai'i 92, 121, 176 P.3d 91, 120 (2008); Blair v. Incr, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).
Because the "essential character" of the FAC was in the nature of assumpsit, Blair, 96 Hawai'i at 332, 31 P.3d at 189, and POHL was the prevailing party, the circuit court was not required to find that Dominguez's claims were frivolous in order to award POHL attorneys' fees under HRS § 607-14.
However, the circuit court erred in awarding POHL attorneys' fees, GET, and costs as damages on their breach of contract counterclaim. Since we have concluded that summary judgment should not have been granted with respect to whether Dominguez breached the counsel agreement by failing to have professional liability insurance, see section (3) above, it was premature for the circuit court to award POHL damages based on that claim. Moreover, the damages awarded by the circuit court were not properly recoverable in a breach of contract action.[7] In Hawai'i, "the accepted rule on attorneys' fees is that ordinarily they cannot be awarded as damages or costs unless so provided by statute, stipulation or agreement." Uyemura v. Wick, 57 Haw. 102, 108, 551 P.2d 171, 176 (1976); Western Sunview Properties, LLC v. Federman, 338 F.Supp. 2d 1106, 1127-28 (D. Haw. 2 0 04) . The counsel agreement did not provide for recovery of attorneys' fees or costs in the event of a dispute under the agreement, and there is no evidence in the record of an agreement or stipulation for their payment. Nor is there a statute that provides that attorneys' fees and costs incurred in defending a breach of contract action can be recovered as damages on a counterclaim brought alleging a breach of the same contract. Indeed, allowing such recovery would be contrary to HRS § 607-14, since a party could recover the full amount of their attorneys' fees and costs as damages without regard to the limits set forth in HRS § 607-14 .
In the August 15, 2006 order, the circuit court awarded POHL attorneys' fees, GET, and costs in the total amount of $115,932.14, both as the prevailing party on the FAC, and for damages on the breach of contract counterclaim. In awarding that amount to POHL, the court did not differentiate between fees and costs that related to the defense of the FAC, and those that related to the prosecution of the breach of contract counterclaim. Because we have concluded that the circuit court erred in granting the POHL MSJ  Count I, we vacate the award of attorneys' fees, GET, and costs and remand to the circuit court to allow the court to eliminate, if practicable, any of the requested fees, costs, and GET that related to POHL's prosecution of the breach of contract counterclaim. Cf. Blair, 96 Hawai'i at 332, 31 P.3d at 189 (noting that "in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims") (emphasis omitted).
(5) The circuit court did not err in denying Dominguez's motion to dismiss POHL's breach of contract counterclaim. Although it is not clear exactly what Dominguez is arguing on appeal, it appears that Dominguez contests the circuit court's July 5, 2006 order denying her motion to dismiss POHL's breach of contract counterclaim on the basis that it was a permissive rather than compulsory counterclaim.[8] However, even assuming arguendo that it was a permissive counterclaim under HRCP Rule 13, nevertheless it was appropriately brought in this action.
The fact that POHL's claimed attorneys' fees and costs were not determined at the time of the filing of the counterclaim is not itself a basis for dismissing the counterclaim, because POHL could claim at least nominal damages relating to Dominguez's alleged breach of the counsel agreement at the time it filed its counterclaim. See Ferreira v. Honolulu Star-Builetin, Ltd., 44 Haw. 567, 577, 356 P.2d 651, 657 (1960); Sunny Baer Co., Inc. v. Slaten, 623 S.W.2d 595, 598 (Mo. Ct. App. 1981) ("In contract cases, proof of the contract and of its breach gives rise to nominal damages and, thus, a submissible case is made regardless of the failure to prove actual damages.").
Accordingly, the circuit court did not err in denying Dominguez's motion to dismiss.
(6) Subject to any reduction on remand for attorneys' fees and costs associated with the prosecution of the breach of contract counterclaim, the circuit court did not err in awarding POHL's attorneys' fees and costs on the FAC because POHL's motion for attorneys' fees and costs was properly supported, and the record reflects that the fees were not unreasonable. Kamaka, 117 Hawai'i at 123, 176 P. 3d at 122 .
POHL's motion was supported by documents which provided an adequate basis for determining the reasonableness of the requested attorneys' fees, including 54 pages of billing invoices which provided detailed explanations of each fee item being requested, a table of fees and costs which provided a summary of all fees and costs, and an affidavit by one of POHL's attorneys, Kenneth Mansfield, which established the basis for the billing rates.
Furthermore, under the circumstances of this case the fees requested by POHL were reasonable. POHL was required to address novel issues relating to the proceedings in Japan, had to answer numerous motions and other filings, POHL's attorneys charged a rate that was lower than is customary for their services, and the damages prayed for by Dominguez were well over a million dollars. See Booker v. Midpac Lumber Co., Ltd., 65 Haw. 166, 170 n.2, 649 P.2d 376, 379 n.2 (1982) (listing factors used to evaluate the reasonableness of attorneys' fees).
Dominguez's argument that the costs and fees were not properly supported by invoices is without merit. The record shows that POHL submitted both redacted and unredacted invoices which provide detailed billing times, amounts, the name of the attorney who was billing the time, his or her rate, and the work for which they were billing.
Finally, Dominguez asserts that POHL had excess fees and costs, yet fails to show where in the record these complained of expenses were, nor does Dominguez provide any citation to the part of the record where POHL's alleged "excessive preparation time of paralegal, duplicative efforts by the attorney and paralegal, and performance of clerical functions" can be found. Thus, these arguments are deemed waived. HRAP Rule 28(b)(7).
Accordingly, the circuit court did not abuse its discretion in awarding POHL attorneys' fees, GET, and costs on the FAC, subject to any reduction on remand for expenses associated with the prosecution of the breach of contract counterclaim.
(7) The circuit court did not err in denying Dominguez's motion for attorneys' fees and costs because POHL's abuse of process counterclaim was not frivolous. HRS § 607-14.5 (Supp. 2008).
Preliminarily we note that Dominguez does not provide a discernable argument as to why POHL's abuse of process claim was frivolous. Accordingly, this argument is deemed waived. HRAP Rule 28(b)(7); International Sav. and Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000). However, even assuming Dominguez did not waive this issue, Dominguez's argument is without merit.
In Kawaihae v. Hawaiian Ins. Companies, 1 Haw. App. 355, 361, 619 P.2d 1086, 1091 (1980), this court defined a frivolous claim as "manifestly and palpably without merit, so as to indicate bad faith on [the pleader's] part such that argument to the court was not required."
The record establishes that prior to filing the lawsuit against POHL, Dominguez wrote a letter to POHL dated December 10, 2001 in which Dominguez stated in part, "I take full responsibility for my past decisions in the case which cemented the results way before you came into the picture." In view of that letter, the circuit court did not err in concluding that POHL's claim for abuse of process was not manifestly and palpably without merit. Accordingly, the circuit court did not abuse its discretion in denying Dominguez's attorneys' fees motion. See Kamaka, 117 Hawai'i at 105, 176 P. 3d at 104 ("The trial court' s grant or denial of attorneys' fees and costs is reviewed under the abuse of discretion standard.") (citation and bracket omitted).
Therefore,
IT IS HEREBY ORDERED that we affirm the September 6, 2006 Judgment entered in the Circuit Court of the First Circuit in favor of POHL as to the complaint and FAC, and in favor of Dominguez with regard to POHL's counterclaim for abuse of process.
IT IS FURTHER ORDERED that we vacate the Judgment with regard to POHL's counterclaim for breach of contract, and we vacate the award of $115,932.14 in favor of POHL and against Dominguez and remand for further proceedings consistent with this order.
NOTES
[1] The Honorable Eden E. Hifo presided.
[2] Although Dominguez disputes the authenticity of the Japan judgment, we conclude that it was properly authenticated and considered by the circuit court. See infra section (1).
[3] HRS § 657-1(1) (1993) states in pertinent part, "The following actions shall be commenced within six years next after the cause of action accrued, and not after: (1) Actions for the recovery of any debt founded upon any contract, obligation, or liability...."
[4] POHL did not appeal that aspect of the judgment.
[5] Any other arguments raised by Dominguez that are not specifically addressed herein are without merit.
[6] HRS § 607-14 (Supp. 2008) states in pertinent part:

In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable;... provided that this amount shall not exceed twenty-five per cent of the judgment.
[7] Dominguez preserved this issue in the circuit court. See Dominguez's opposition to POHL's motion for attorneys' fees and costs filed on April 28, 2006 at page 8-11. She advanced sufficient argument on this issue to raise it for consideration on appeal, see amended opening brief at 31-32. In any event, this court may address plain error. Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b)(4).
[8] Although Dominguez entitled her motion as a "motion to dismiss," because it was filed on May 17, 2006, after her May 4, 2005 answer to POHL's counterclaim, and it includes documents outside of the pleadings, it should be reviewed as a motion for summary judgment. See HRCP Rule 12(b); Stevens v. Kirkpatrick, 82 Hawai'i 91, 93, 919 P.2d 1003, 1005 (App. 1996) (stating "because the circuit court considered outside matters in rendering its ruling, we review the court's Order of Dismissal as one granting summary judgment pursuant to HRCP Rule 56 and not a motion to dismiss pursuant to HRCP Rule 12 (b) (6)").