Paul J. Widlitz, J.
A notice to bidders for a bus transportation contract was issued on June 29, 1962. It provided, in part, that bids would be received “ until 11:30 a.m. (E. D. S. T.) on Tuesday, July 10, 1962, and then at said office publicly opened and read aloud. ” At 11:30 a.m. the respondent commenced the reading of the bids submitted. At 11:32 or 11:33 a.m., the petitioner’s representative arrived with its bid. At this time two *638 bids had already been opened and publicly announced. The respondents’ representative advised the petitioner that the bid would be accepted subject to its legality being determined by the respondents ’ attorney. The latter counselled the respondents to reject the bid as untimely.
Subdivision 2 of section 103 of the General Municipal Law provides in part: “ Such advertisement [for bids] shall contain a statement of the time when and place where all bids received pursuant to such notice will be publicly opened and read. Such board or agency may by resolution designate any officer or employee to open the bids at the time and place specified in the notice. * * * All bids received shall be publicly opened and read at the time and place so specified.”
The statute did not authorize the respondents or their representatives to consider bids which were not submitted prior to 11:30 a.m. Therefore, even though it may be that when all of the bids were examined the bid of the petitioner was the lowest bid, it was not a violation of the law for the respondents to award the contract to the lowest responsible bidder among the bidders who had complied with the statute by submitting their bids before the prescribed time, as the petitioner’s bid should never have been provisionally accepted.
By this determination the court is merely holding that there was no violation of law. Whether or not the respondents, in view of the information possessed by them at the time of the award, should have rejected all bids and readvertised for new bids may not be determined by me. The statute (General Municipal Law, § 103, subd. 2) vests in the respondents the discretion to reject all bids.
The observation may be made that the successful bidder should have been made a party to this proceeding (Matter of Cestone Bros. v. Solowinski, 276 App. Div. 970).