(June 3, 1991)

■ CENTRAL GENERAL HOSPITAL et al., Appellants, v BRAMEX LTD. et al., Respondents.—In an action, *inter alia,* to recover damages for breach of a fiduciary duty and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated January 16, 1990, which (1) granted the defendants' respective motions pursuant to CPLR 3211 (a) (5) to dismiss certain claims set forth in the amended verified complaint as time-barred, to the extent of dismissing any claims arising out of insurance policies issued more than six years prior to the commencement of the action, and (2) denied the plaintiffs' cross motion to dismiss the affirmative defenses of Statute of Limitations asserted in the defendants' amended answers.

Ordered that the order is modified, on the law, by deleting therefrom the provision dismissing any claims arising out of insurance policies *issued* more than six years prior to the commencement of the action, and by substituting therefor a provision dismissing any claims arising out of insurance policies *which expired* more than six years prior to the commencement of the action; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs' amended complaint alleges that the defendants are insurance brokers who procured numerous liability insurance policies from Ambassador Insurance Company, a Vermont corporation, to provide coverage for the plaintiffs from 1969 to 1982. It is further alleged that in November 1983 Ambassador Insurance Company was placed in receivership and since April 1984 no longer provides indemnity under its policies. The plaintiffs commenced this action in or about May 1986, *inter alia,* to recover damages from the defendants for breach of fiduciary duty and breach of contract. Upon motions by the defendants the Supreme Court dismissed as time-barred the plaintiffs' claims insofar as they arose out of those policies which were *issued* more than six years prior to the commencement of the action. We now modify the order by dismissing as time-barred the plaintiffs' claims insofar as they arise out of policies *which expired* more than six years before the action was commenced.

Contrary to the plaintiffs' contention, their causes of action accrued in this case at the time of the defendants' alleged breach rather than in April 1984 when the carrier no longer provided indemnity and the plaintiffs consequently began to

incur pecuniary losses *(see, National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021). However, the plaintiffs are correct in contending that the defendants had a continuing duty to apprise them of any adverse changes in the carrier's financial capability *(see, e.g.,* 11 NYCRR 27.5 [e]). Inasmuch as this continuing duty existed throughout the life of each policy and could be breached at any point prior to the expiration thereof, the applicable limitations period is to be measured from the last date upon which the continuing duty was breached (i.e., the final day on which the policy was in effect), rather than from the date of issuance of each policy. Accordingly, we have modified the Supreme Court's order to reflect this principle.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.