■ Suzanne Tarazi, Appellant-Respondent, v Exxon Corporation et al., Respondents-Appellants, and Robert Case et al., Respondents. [703 NYS2d 205] —In an action to recover damages for personal injuries allegedly resulting from exposure to gasoline, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Dunne, J.), entered October 14, 1998, which granted the defendants' respective motions for summary judgment and denied her cross motion for summary judgment, and (2) so much of an order of the same court, dated April 21, 1999, as denied that branch of her motion which was for renewal, and the defendants Exxon Corporation and Simeon Swartz, and the defendants Bartco Corporation and BCB Oil Products, Inc., separately cross-appeal, as limited by their briefs, from so much of the order entered October 14, 1998, as found that "the plaintiff has established to this court's satisfaction that the discovery of the plaintiff's injury, i.e., when she became aware of the primary condition was in March 1991".

Ordered that the cross appeals from the order entered October 14, 1998, are dismissed, as the respondents-appellants are not aggrieved by that order (*see,* CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the order entered October 14, 1998, is affirmed; and it is further,

Ordered that the appeal from the order dated April 21, 1999, is dismissed; and it is further,

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs.

The action was properly dismissed as time-barred, but for reasons other than those relied upon by the Supreme Court. Although the respondents-appellants are not aggrieved by the order entered October 14, 1998, the alternative grounds they raise for affirmance of that order are properly before this Court (*see, Parochial Bus Sys. v Board of Educ., supra*).

The Supreme Court found that the plaintiff first discovered her injury in March 1991 when she was diagnosed with a spinal cord injury. However, it is clear from the record that she suffered the manifestation and symptoms of her physical condition at least as early as 1987. By May 1988 she could not walk without assistance and used a wheelchair "frequently during the day". Her condition was attributed to "traumatic neuropathy * * * possibly involving root and peripheral nerve and possibly femoral nerve". In March 1991, her doctors ascertained that her spastic paraplegia involved damage to the spinal cord. However, the report identifying damage to the spinal cord noted that her "paraplegia started in September of 1987".

The time for bringing an action for exposure to a toxic substance begins to run under CPLR 214-c (2) when the injured party discovers the primary condition on which the claim is based (*see, Matter of New York County DES Litig.*, 89 NY2d 506). Since the plaintiff's injury was apparent in September 1987, more than five years before she allegedly discovered its cause in September 1995, the action, commenced in February 1996, was untimely (*see, Pompa v Borroughs Wellcome Co.*, 259 AD2d 18).

In view of this determination, the question of whether the plaintiff should have been granted renewal of the defendants' motion for summary judgment based upon proof of causation (*see, Flynn v Niagara Univ.*, 198 AD2d 262) is academic. Accordingly, the appeal from the order dated April 21, 1999, is dismissed. O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.