■ SUBOLO CONTRACTING CORPORATION, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [724 NYS2d 754] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not required to execute a "Project Labor Agreement" in connection with its performance of Westchester County Contract No. 95-416-GC, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 12, 2000, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is required to execute a Project Labor Agreement in connection with its performance of Westchester County Contract No. 95-416-GC.

The plaintiff Subolo Contracting Corporation (hereinafter Subolo) was awarded Westchester County Contract No. 95-416-GC, a public works contract involving renovations and an addition to the Harold A. Drimmer Library/Learning Resources Center at Westchester Community College. Subolo commenced this action, *inter alia,* for a judgment declaring that it was not required to execute a Project Labor Agreement (hereinafter PLA) as part of the contract.

We agree with Subolo that the Supreme Court erred in determining that the unsuccessful bidders for the subject contract were necessary parties to this action. A successful bidder is a necessary party in an action or proceeding commenced by an unsuccessful bidder challenging the award of a contract (see, *Matter of Utica Sheet Metal Corp. v County of Tompkins,* 40 AD2d 567; *Matter of Cestone Bros. [Solowinski],* 276 App Div 970; *Matter of North Country Dev. Corp. v Massena Hous. Auth.,* 65 Misc 2d 105, 107; *Matter of Wiltom Coach Co. v Central High School, Dist. No. 3,* 36 Misc 2d 637, 638). However, where, as here, the action is commenced by the successful bidder who has been awarded the contract and seeks a declaration regarding its obligations under the contract, the unsuccessful bidders are not necessary parties to the action (see, *Matter of Leventhal v Michaelis,* 29 Misc 2d 831, 836). Ac-

cordingly, the Supreme Court erred in granting the defendants' motion insofar as it was based on the failure to join necessary parties.

However, this Court may consider the merits of the alternative ground raised in the defendants' motion, which was to dismiss the complaint on the ground that it failed to state a cause of action (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Norwalk v Morgan & Co.,* 268 AD2d 413). Subolo contends that the contract did not require it to execute a PLA. It is clear, when the contract documents are read as a whole (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *Gonzalez v Norrito,* 256 AD2d 440), that the PLA was a term of the contract. The PLA was set forth as a "special clause" in the contract documents. In reviewing those documents, including the PLA, Subolo mistakenly assumed for a variety of reasons that the PLA was not required by the contract. Subolo's mistaken assumption cannot now excuse it from compliance with this requirement under the contract. Accordingly, the defendants established that Subolo's contention is without merit and are therefore entitled to a judgment declaring that Subolo is obligated to execute the PLA in connection with its performance of Westchester County Contract No. 95-416-GC. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.