■ BASIL G. LITRAS et al., Appellants, v JOHN G. LITRAS et al., Respondents. [740 NYS2d 629] —In an action, inter alia, to recover damages for unfair competition, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Shapiro, J.), dated February 23, 2001, which granted the motion of the defendants Eddie Sparacio and Dahill Funeral Home to dismiss the complaint insofar as asserted against them and dismissed the complaint against all of the defendants.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is denied, the complaint is reinstated, and the plaintiffs' motion to restore the action to the trial calendar is granted.

This Court previously directed a retrial on the issue of damages (*see Litras v Litras,* 254 AD2d 395). The former counsel representing the plaintiffs was not ready to proceed with this retrial on several occasions. This resulted in the case being marked off the trial calendar pursuant to CPLR 3404. Within 12 months, the plaintiffs moved to restore the case to the trial calendar. This motion should have been granted automatically and without conditions (*see Basetti v Nour,* 287 AD2d 126). Instead, the Supreme Court, in its decision, upon which no order was entered, imposed conditions requiring disclosure within 30 days and the filing of another note of issue. These conditions were improper (*see* 22 NYCRR 202.21; *cf. Basetti v Nour, supra*). Moreover, even though the matter was marked

off the trial calendar, this did not automatically result in the vacatur of the note of issue (*see Basetti v Nour, supra*).

On the basis of the plaintiffs' violation of these conditions, the defendants Eddie Sparacio and Dahill Funeral Home were permitted to apply on five days' notice to dismiss the complaint. The Supreme Court granted this motion and dismissed the complaint with prejudice as against all of the defendants in the order appealed from. This was error. Therefore, we reverse and reinstate the complaint.

Since the plaintiffs' motion to restore the case to the trial calendar was not ruled upon by the Supreme Court, it technically remains pending and undecided (*see Katz v Katz,* 68 AD2d 536). However, as stated previously, the motion should have been granted automatically and without conditions. Accordingly, we grant the motion rather than remit the matter to the Supreme Court, Westchester County, to decide it (*see General Acc. Fire & Life Ins. Co. v Avlonitis,* 156 AD2d 424; *Hoch v Paloger,* 150 AD2d 523). Santucci, J.P., Smith, Crane and Cozier, JJ., concur.