■ PAUL SQUERI et al., Respondents, v MORICHES ASSOCIATES, INC., et al., Appellants. [761 NYS2d 869] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 20, 2002, as denied that branch of their motion which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, owners of condominium units in a complex lo-

cated in Manorville, seek, inter alia, damages for the defendants' alleged breach of an agreement dated November 7, 1985. The defendants claim that the plaintiffs' second cause of action is time-barred.

Since the second cause of action is based on breach of contract, it is governed by the six-year statute of limitations applicable to contract actions (see CPLR 213 [2]). "The general rule applicable to contract actions is that a six-year Statute of Limitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation" (*Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 80 [1980]). Here, the covenant which was allegedly breached was to become effective on the first day of April following the "release of the 125th unit." It was not until this date that the plaintiffs' right to relief accrued and they first became entitled to maintain this action. Since it is not clear when the "release of the 125th unit" occurred, the defendants did not make out a prima facie case for summary judgment, and accordingly, the Supreme Court properly denied their motion. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.