(June 7, 2004)

■ LAUREN BELLER, Appellant, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [778 NYS2d 82]—

In an action, inter alia, to recover damages for breach of contract and deceptive trade practices, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 8, 2002, as, upon, in effect, denying as academic those branches of the defendant's motion which were to dismiss the first and fifth causes of action as time-barred, granted those branches of the defendant's motion which were to dismiss the first and fifth causes of action pursuant to CPLR 3211 (a) (7), and (2) so much of an order of the same court entered December 9, 2002, as, in effect, upon granting renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order entered October 8, 2002, is dismissed, as that order was superseded by the order entered December 9, 2002, made, in effect, upon renewal and reargument; and it is further,

Ordered that the order entered December 9, 2002, is modified, on the law, by (1) deleting the provision thereof granting those branches of the motion which were to dismiss the first and fifth causes of action pursuant to CPLR 3211 (a) (7) and substituting therefor a provision denying those branches of the

motion, and (2) deleting the provision thereof, in effect, denying as academic those branches of the motion which were to dismiss the first and fifth causes of action as time-barred and substituting therefor provisions (a) granting that branch of the motion which was to dismiss the first cause of action as time-barred to the extent that it seeks damages for rate increases imposed more than six years prior to the commencement of the action and otherwise denying that branch of the motion, and (b) granting that branch of the motion which was to dismiss the fifth cause of action as time-barred; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff is the owner of a flexible premium adjustable life insurance policy issued by the defendant in 1984. The insurance policy provides, in essence, for premiums to be based upon the "cost of insurance," which is to be "determined by the Company based on its expectation of future" factors including mortality, interest, and expenses. The policy further states that a change in the cost of insurance rates "will be due to a change in the Company's expectation in one or more of these factors," and that rates will be reviewed at least once every five years to determine if a change should be made. The policy also contains a table setting forth the maximum insurance rates which can be charged.

In March 2002 the plaintiff commenced this action alleging, inter alia, that the defendant breached the terms of the policy, and engaged in deceptive trade practices in violation of General Business Law § 349, by increasing the cost of insurance rates without regard to the flexible factors, such as improvements in mortality, which would have required the rates to decrease. As a result, the plaintiff alleged that her monthly cost of insurance increased from $326.76 in December 1993 to $609.42 in November 2001. The defendant responded by moving to dismiss the action, contending, among other things, that the complaint failed to state a cause of action sounding in breach of contract and deceptive trade practices, and that these claims were time-barred. The Supreme Court granted those branches of the motion which were to dismiss those claims for failure to state a cause of action, concluding that the breach of contract claim was barred by the filed rate doctrine because the rates charged did not exceed the maximum set forth in the policy, which had been approved by the New York State Department of Insurance. The Supreme Court further found that the deceptive trade practices claim must fail because the complaint did not identify a continuing deceptive act or conduct which violated General Business Law § 349. The Supreme Court thereafter, in effect,

granted the plaintiff's motion for renewal and reargument, but adhered to its original determination dismissing the breach of contract and deceptive trade practices claims.

On appeal, the plaintiff contends that the Supreme Court erred in dismissing her breach of contract claim based upon the filed rate doctrine. We agree. The filed rate doctrine bars actions that challenge as unreasonable or unlawful the rates charges by a regulated industry (*see County of Suffolk v Long Is. Power Auth.,* 154 F Supp 2d 380 [2000], *affd* 11 Fed Appx 24 [2001]). "Simply stated, the doctrine holds that any 'filed rate'— that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers" (*Wegoland Ltd. v NYNEX Corp.,* 27 F3d 17, 18 [1994]). The courts have identified two principles underlying the filed rate doctrine. The first is that legislative bodies design agencies for the specific purpose of setting uniform rates, and thus allowing individual ratepayers to attack the filed rate "would undermine the congressional scheme of uniform rate regulation" (*Arkansas La. Gas Co. v Hall,* 453 US 571, 579 [1981]). The second reason advanced for the doctrine is that "an attack on the filed rate would unnecessarily enmesh the courts in the rate-making process" (*Wegoland Ltd. v NYNEX Corp., supra* at 19) and "courts are not in the best position to determine, retrospectively, 'what the reasonable rates during the past should have been'" (*Black Radio Network, Inc. v NYNEX Corp.,* 44 F Supp 2d 565, 574 [1999], quoting *Montana-Dakota Util. Co. v Northwestern Pub. Serv. Co.,* 341 US 246, 251 [1951]). Guided by these principles, we find that the plaintiff's claim that the defendant breached the insurance contract by raising the cost of insurance rates without considering the specified factors states a cause of action which is not barred by the filed rate doctrine. The plaintiff does not challenge the reasonableness of the maximum rates set forth in the policy, nor does she claim that she should have been treated differently from any other subscriber (*see Batas v Prudential Ins. Co. of Am.,* 281 AD2d 260 [2001]). We further note, in any event, that the documentary evidence submitted by the defendant in opposition to the plaintiff's motion for renewal and reargument failed to conclusively establish that the subject policy had indeed been approved by the New York State Department of Insurance.

Although we find that the filed rate doctrine did not warrant dismissal of the breach of contract cause of action, this court may also consider the merits of the alternative ground raised in the defendant's motion, which was to dismiss that cause of action as time-barred (*see Litras v Litras,* 293 AD2d 655 [2002];

*Subolo Contr. Corp. v County of Westchester,* 282 AD2d 737 [2001]; *Tarazi v Exxon Corp.,* 269 AD2d 385 [2000]). "The general rule applicable to contract actions is that a six year Statute of Limitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation" (*Squeri v Moriches Assoc.,* 307 AD2d 260, 261 [2003] [internal quotation marks omitted]; *see Stalis v Sugar Cr. Stores,* 295 AD2d 939 [2002]; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 80 [1980]). However, "where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously and plaintiffs may assert claims for damages occurring up to six years prior to the filing of the suit" (*Airco Alloys Div. v Niagara Mohawk Power Corp., supra* at 70; *Stalis v Sugar Cr. Stores, supra*). Here, the subject insurance contract imposed a continuing duty upon the defendant to consider the factors comprising the cost of insurance before changing rates, and to review the cost of insurance rates at least once every five years to determine if a change should be made. Accordingly, the plaintiff's claim for damages accrued each time the defendant allegedly breached these obligations, and only claims for damages accruing more than six years before the commencement of this action are time-barred (*see Bulova Watch Co. v Celotex Corp.,* 46 NY2d 606 [1979]; *Stalis v Sugar Cr. Stores, supra; Central Gen. Hosp. v Bramex Ltd.,* 174 AD2d 556 [1991]; *Butler v Gibbons,* 173 AD2d 352 [1991]).

Furthermore, while we find that the complaint sufficiently states a cause of action to recover damages for deceptive trade practices in violation of General Business Law § 349 (*see Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330 [1999]; *Brenkus v Metropolitan Life Ins. Co.,* 309 AD2d 1260 [2003]; *Morgan Servs. v Episcopal Church Home & Affiliates Life Care Community,* 305 AD2d 1105 [2003]; *Joannou v Blue Ridge Ins. Co.,* 289 AD2d 531 [2001]; *Walts v First Union Mtge. Corp.,* 259 AD2d 322 [1999]), we agree with the defendant's alternative contention that this cause of action is time-barred. A General Business Law § 349 cause of action is governed by a three-year limitations period, which accrues when the plaintiff has been injured by a deceptive trade act or practice in violation of the statute (*see Gaidon v Guardian Life Ins. Co. of Am.,* 96 NY2d 201, 210 [2001]). Here, the plaintiff's General Business Law § 349 claim accrued in 1993, when the defendant allegedly began to increase her cost of insurance rates in violation of the terms of the policy. Accordingly, the fifth cause of action should have been dismissed as time-barred. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.