OPINION OF THE COURT
Leventhal, J.
In 2003, the plaintiff, QK Healthcare, Inc., a wholesaler of prescription drugs, purchased several thousand units of a drug named Tubersol from the defendants, InSource, Inc. (hereinafter InSource) and Henry Schein, Inc. (hereinafter Henry Schein), which are also prescription drug wholesalers. The plaintiff alleges that when it sought to arrange for the return of unsold units of the drug in 2005, the defendants violated their respective return policies by refusing to accept the return. The plaintiff contends that the defendants’ conduct constituted an anticipatory repudiation of the contracts between the parties.
The principal issues we address on this appeal are whether the Supreme Court should have granted the defendants’ motion to dismiss the first cause of action, which is to recover damages for anticipatory repudiation, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and pursuant to CPLR 3211 (a) (5) as time-barred.
The complaint asserts that, in or about May 2003 to July 2003, the plaintiff purchased more than 36,000 units of Tuber-sol from InSource and that, in August 2003, the plaintiff purchased an additional 20,000 units of Tubersol from Henry Schein. The August 2003 order was filled by InSource, which shipped the merchandise to the plaintiff.
According to the complaint, the Tubersol that the plaintiff purchased from the defendants was manufactured by nonparty Aventis, which, consistent with standard industry practice, has a policy which provides that merchandise that has expired, or is about to expire, and remains unsold may be returned for credit *59 or refund. In addition, the complaint avers that the standard practice in the wholesale pharmaceutical industry is that wholesalers will permit the return of merchandise that remains unsold and has expired, or is about to expire.
The complaint alleges that, at the time of the subject purchases, and all other relevant times, Aventis had a return policy which stated that products were returnable within the six-month period prior to their expiration date, or no more than 12 months past their expiration date. The Aventis return policy, which was annexed to the complaint, states that refunds would be provided, inter alia, to those who had purchased merchandise either directly from Aventis, or indirectly through a wholesaler.
The complaint further alleges that, at the time of the subject purchases, and at all other relevant times, each defendant had a return policy. InSource’s return policy states that products, within the six-month period prior to their expiration date, or no greater than six months past their expiration date, could be returned for credit, minus a 15% processing fee. Henry Schein’s return policy states that non-expired products were returnable if they could “be returned to the manufacturer for credit.” All returnable products would also be subject to a 15% handling fee if returned more than 30 days after the date of the invoice.
The Tubersol that the plaintiff purchased from the defendants all had the same expiration date of December 31, 2005. By December 2005, the plaintiff had been unable to sell 29,792 units of the Tubersol that it had purchased from the defendants. According to the plaintiff, the dollar value of the unsold drugs is almost $2,000,000. On or about December 23, 2005, approximately one week before the Tubersol was set to expire, the plaintiff contacted the defendants to “arrange for return” of the unsold units, consistent with the defendants’ policies as well as custom and usage in the industry. However, the plaintiff alleges that the defendants refused to accept the return. Thereafter, a letter dated January 26, 2006, sent by Henry Schein’s general counsel, reiterated the defendants’ refusal to accept the return on the ground that they themselves could not return the expired product to Aventis.
The complaint further avers that the plaintiff attempted to mitigate its damages when, on or about February 1, 2006, to November 7, 2006, the plaintiff returned 29,792 units of the unsold units of Tubersol directly to Aventis via a returns processing company. Aventis gave the plaintiff a credit of $84 per unit for 1,200 units returned in February 2006, a “reduced” *60 credit of $19 per unit for 5,000 other units, and no credit for the remaining 23,592 units.
The plaintiff commenced this action in July 2010 to recover damages for the defendants’ anticipatory repudiation of the contracts between the parties by refusing to accept the unsold Tubersol. The plaintiff alleges that there was an implied term in the sales contract between the parties that the purchases were of merchandise “that ought to have been returnable” in accordance with the industry practice. The complaint contained a second cause of action that the plaintiff withdrew prior to the determination of the defendants’ motion in the order that is the subject of this appeal.
The defendants moved, inter alia, to dismiss the first cause of action pursuant to CPLR 3211 (a) (5) on the ground that it was time-barred, and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. In support of their position that the first cause of action was time-barred, the defendants submitted that the claim was governed by the UCC because it arose out of the sale of pharmaceuticals, which were “goods” as defined by UCC 2-102. Thus, the defendants maintained that the claim was subject to the four-year statute of limitations applicable to contracts for the sale of goods under the UCC (see UCC 2-725 [1]). The defendants argued that the alleged anticipatory breach of contract occurred, and statute of limitations began to run, in late December 2005 when they unequivocally refused to accept the plaintiff’s return. Accordingly, the defendants argued, the four-year limitations period expired at the end of 2009, and this action, commenced in July 2010, was time-barred.
The defendants further asserted that even if the Supreme Court found that the claim accrued at the time performance was due rather than at the time of the breach, the result would be the same. In this regard, the defendants argued that the fact that the plaintiff attempted to return the goods on December 23, 2005, demonstrated that the plaintiff itself believed that their obligation to accept the return already existed, or existed immediately upon the request. Thus, the defendants submitted that the alleged repudiation occurred concurrently with the time for performance, at the end of December 2005.
The defendants additionally argued that even if the action were not time-barred as against both of them, it was time-barred as against InSource, because the latest date the plaintiff could have returned the Tubersol to InSource under the parties’ contract was June 30, 2006 — six months after the drugs expired. *61 Thus, the defendants argued, at the latest, the plaintiffs claim against InSource accrued in June 2006.
The defendants also contended that the first cause of action should be dismissed because it failed to state a cause of action to recover damages for anticipatory repudiation under UCC 2-610, which provides that an anticipatory repudiation occurs when “either party repudiates the contract with respect to a performance not yet due.” In support of its position, the defendants argued that a cause of action to recover damages for anticipatory repudiation is not available to a party who has fully performed under the contract, and here the plaintiff failed to allege that it owed any consideration or remaining performance to the defendants at the time of the alleged repudiation in December 2005. The defendants further argued that the plaintiff failed to plead that the defendants’ alleged repudiation took place before the defendants’ time for performance was due (rather than concurrently or after).
In opposition, the plaintiff argued that a quintessential case of anticipatory repudiation was presented here because the defendants repudiated their contractual obligations before the plaintiff actually returned the goods, and before they had processed the return or issued any credit. The plaintiff submitted that the complaint stated a cause of action to recover damages for anticipatory repudiation pursuant to UCC 2-610 since it alleged that the defendants refused to accept the returns consistent with their respective returns policies. The plaintiff further argued that it could maintain a cause of action for anticipatory repudiation because it had not yet fully performed under the terms of the contracts when the defendants repudiated. In this regard, the plaintiff argued that common sense dictated that a simple offer to return goods did not fulfill the obligation to physically deliver those goods to the entity accepting the return. The plaintiff further asserted that the defendants repudiated their obligations before their performance was due inasmuch as the defendants were obligated to both accept the return and to give the plaintiff a credit, which they did not do.
The plaintiff also asserted that it had timely interposed the cause of action alleging anticipatory repudiation. In this regard, the plaintiff contended that it had the right to return the product to InSource until June 30, 2006, and the right to return to Henry Schein until December 31, 2006. Following those dates, the plaintiff argued, UCC 2-610 required the defendants to “have had a commercially reasonable time to effectuate the returns and process the credits.”
*62 The plaintiff argued that since the complaint was filed on July 7, 2010, the action was timely commenced “within both the six year limitations period [pursuant to CPLR 213] and four-year limitations period.” The plaintiff asserted that, even under the UCC’s four-year limitations period, the four-year time period does not begin to run until a cause of action has accrued. In this regard, the plaintiff contended that its claim did not accrue until it was able to assert damages. Since Aventis accepted its initial return of Tubersol, the plaintiff alleged that it did not sustain damages until May 9, 2007, when Aventis first refused to grant either full credit or any credit for its additional returns.
In an order dated April 12, 2011, the Supreme Court denied the defendants’ motion to dismiss the first cause of action in its entirety (see QK Healthcare, Inc. v Insource, Inc., 2011 NY Slip Op 31092[U] [Sup Ct, Nassau County 2011]). The court noted that, in order to state a cause of action to recover for anticipatory repudiation pursuant to UCC 2-610, a plaintiff must allege that a defendant expressed an unequivocal intent to forgo performance. The court further noted that when an injured plaintiff is confronted with unequivocal intent that another party intends to renounce a contractual obligation, the injured party may either: (1) elect to treat the repudiation as an anticipatory breach and seek damages for breach of contract, or (2) continue to treat the contract as valid and await “the designated time for performance before bringing suit” (2011 NY Slip Op 31092[U], *6). Applying these principles, the court stated:
“[Accepting the facts alleged as true and affording Plaintiff every favorable inference, Plaintiff has alleged facts supporting its claim of the Defendants’ breach, or anticipatory repudiation, of the parties’ agreement by refusing the Returns [of the unused portion of the subject drug orders]. The Court also concludes, under the reasoning of the principles stated above, that there is support for Plaintiffs assertion that the statute of limitations did not begin to run until May of 2007, when Aventis denied [plaintiff] credit for some of the Returns and, therefore, that the action was timely filed under both the 4 and 6 year statutes of limitations discussed herein” (id. at *7).
The defendants appeal. For the reasons which follow, we modify the order appealed from, and conclude that, while the *63 complaint states a cause of action to recover damages for anticipatory repudiation, it is time-barred insofar as asserted against InSource because InSource was contractually obligated to accept returns only until June 2006, and the plaintiff commenced this action more than four years beyond that date.
On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, “the court will ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (see CPLR 3026; Leon v Martinez, 84 NY2d at 87; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2011]).
Under the doctrine of anticipatory repudiation, “where one party repudiates its contractual obligations ‘prior to the time designated for performance,’ the nonrepudiating party may immediately claim damages for total breach and be absolved from its obligations of future performance” (Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806-807 [2011], quoting Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 463 [1977]; see Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d 458, 462-463 [1998]; American List Corp. v U.S. News & World Report, 75 NY2d 38, 44 [1989]).
In order to sustain a cause of action sounding in anticipatory repudiation, separate and distinct from a cause of action sounding in breach of contract, “there must be [among other things] some express and absolute refusal to perform, or some voluntary act on the part of the individual which renders it impossible for him [or her] to perform” (Ga Nun v Palmer, 202 NY 483, 489 [1911]; see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d at 807; see also Jacobs Private Equity, LLC v 450 Park LLC, 22 AD3d 347 [2005] [amended complaint failed to state a viable cause of action to recover damages for repudiation/anticipatory breach of contract because it contained no allegation of a definite and final communication by defendant landlord of its intention to forgo its obligations under the lease]). UCC 2-610, entitled “Anticipatory Repudiation,” provides that, when a party repudiates a contract,
“with respect to a performance not yet due the loss
*64 of which will substantially impair the value of the contract to the other, the aggrieved party may
“(a) for a commercially reasonable time await performance by the repudiating party; or
“(b) resort to any remedy for breach.”
Comment 4 to UCC 2-610 states that “the aggrieved party may immediately resort to any remedy he [or she] chooses provided he [or she] moves in good faith” and that “[i]naction and silence by the aggrieved party . . . cannot be regarded as misleading the repudiating party.”
Here, the complaint alleges that, when the defendants refused to accept the plaintiff’s attempt to return the unsold merchandise, the defendants anticipatorily repudiated their respective return policies by unambiguously stating that they would not accept the returns. The complaint asserts that the defendants’ anticipatory repudiation occurred before the plaintiff tendered the unsold merchandise to the defendants and before the plaintiff attempted to return the merchandise to the manufacturer in accordance with standard industry practice. When a party repudiates a contract prior to the time designated for performance and before all of the consideration has been fulfilled, the nonrepudiating party can seek to recover damages (see Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d at 461-462; Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d at 463). Thus, deeming the allegations in the complaint as true and resolving all inferences in favor of the plaintiff, the complaint states a cause of action to recover damages for anticipatory repudiation.
Although the defendants also submitted evidentiary material in support of their motion, which consisted of various invoices and electronic and written correspondence between the parties, this evidence failed to establish their entitlement to dismissal pursuant to CPLR 3211 (a) (7). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), the focus of the inquiry turns from whether the complaint states a cause of action to whether the plaintiff actually has one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). Here, however, the evidentiary material that the defendants submitted in support of their motion failed to demonstrate that any fact alleged in the complaint was undisputedly not a fact at all (see Guggenheimer v Ginzburg, 43 NY2d at 275; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683 [2012]; Sokol v Leader, 74 AD3d *65 1180, 1182 [2010]). Therefore, the Supreme Court properly denied that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action.
“In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired” (A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership, 96 AD3d 885, 886 [2012]; see Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850 [2011]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant (see Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011]; Rakusin v Miano, 84 AD3d 1051, 1052 [2011]).
As a threshold issue, the parties dispute what statute of limitations period applies to the plaintiffs claim. The defendants maintain that because the complaint involves the sale of goods, the four-year statute of limitations set forth in the UCC applies (see UCC 2-725 [1]; CPLR 213 [2]). The plaintiff contends that the six-year limitations period set forth in CPLR 213 (2) is applicable. The defendants are correct.
The general rule applicable to actions to recover damages for breach of contract is that a six-year statute of limitations begins to run when a contract is breached or when one party fails to perform a contractual obligation (see Beller v William Penn Life Ins. Co. of N.Y., 8 AD3d 310, 314 [2004]; Squeri v Moriches Assoc., 307 AD2d 260, 261 [2003]; see also CPLR 213 [1]). However, UCC 2-725 (1) provides that “[a]n action for breach of any contract for sale [of goods] must be commenced within four years after the cause of action has accrued” (see CPLR 203 [a]).
In applying the statute of limitations, courts “look for the reality, and the essence of the action and not its mere name” (Brick v Cohn-Hall-Marx Co., 276 NY 259, 264 [1937]; see Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 674 [1976]; Frumento v On Rite Co., Inc., 66 AD3d 828, 830 [2009]; Pacio v Franklin Hosp., 63 AD3d 1130, 1132 [2009]). The transactions between the parties, and the return policies, deal exclusively with the sale of goods and, as noted, UCC 2-725 (1) provides the statute of limitations for an action to recover damages for breach of any contract for the sale of goods. While UCC 2-725 (1) does not specifically state that it ap *66 plies to anticipatory repudiation claims, neither does CPLR 213 (2), which applies to, inter alia, “an action upon a contractual obligation . . . except as provided in . . . article 2 of the uniform commercial code.” Since UCC 2-725 is the more specific statute, UCC 2-725, and not CPLR 213 (2), is controlling (see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 92-94 [2011]) and, thus, the plaintiffs claim is governed by a four-year statute of limitations.
Turning next to the issue of when the limitations period began to run, the defendants contend that the anticipatory repudiation claim accrued in December 2005, when they initially declined the returns, but no later than January 2006, when they stated that they would not accept the returns for a second time. Thus, the defendants argue, the four-year limitations period began to run no later than January 2006, and expired no later than January 2010. Hence, the defendants contend that the anticipatory repudiation claim is time-barred because it was not interposed until July 2010. We reject this contention and conclude that the defendants did not make a prima facie showing that the action was untimely on the ground that the statute of limitations on the plaintiffs anticipatory repudiation claim began to run in December 2005, or January 2006.
“As a general principle, the statute of limitations begins to run when a cause of action accrues” (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]), or, in other words, “when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court” (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986]; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 770). As alleged, the defendants’ anticipatory repudiation occurred in December 2005, when they refused to accept the returns. However, the plaintiff argues that the statute of limitations did not begin to run at that point because that cause of action had not yet accrued. “ ‘Accrual of [a] cause of action’ has not one eternal and exclusively correct meaning . . . There is no ‘infallible logic’ that compels one application rather than another” (10-54 Corbin on Contracts § 989 at 139 [1993]). In support of its position, the plaintiff relies upon, inter alia, the decision of the Court of Appeals in Ga Nun v Palmer (202 NY 483 [1911]).
In Ga Nun, the plaintiff and the decedent entered into a written contract in November 1899, which provided that the plaintiff would care for the decedent for the duration of the decedent’s *67 life, in exchange for a monthly salary of $70 and, upon the decedent’s death, the plaintiff was to receive a lump sum payment of $20,000 (see id. at 485-486). In 1900, the decedent, who had resided in the plaintiffs home in Brooklyn, moved from Brooklyn to Poughkeepsie. The decedent then entered into a similar contract with another individual and died in August 1906. In May 1907, the plaintiff commenced an action, inter alia, to recover the $20,000 pursuant to the parties’ contract. The Supreme Court, and the Appellate Division, determined that the action was untimely under the applicable six-year statute of limitations because the claim had accrued in 1900, when the decedent had moved out of the plaintiffs home.
The issue before the Court of Appeals in Ga Nun was “whether the plaintiff was bound to treat the contract as broken and bring her action, or might she at her option treat the contract as still in force and wait until the sum specified became due under its terms?” (Id. at 489.) After reviewing various precedents, the Court held that the action was timely because the time for the decedent (or her estate) to perform was the date of her death in 1906. The Court reasoned that a right to commence an action before an adversary’s time to perform “is exceptional, and is only permitted in cases of a breach of a contract by one of the parties which permits the aggrieved party, at his option, to maintain an action for such breach and recover the damages he has suffered on account thereof’ (id. at 493). Thus, the Court of Appeals reversed, and concluded that the action was not time-barred.
. As illustrated by Ga Nun, under the common-law doctrine of anticipatory repudiation, the aggrieved party has the option to either deem the defendants to have breached at the time of the repudiation, or wait for the defendants to perform at the time fixed for performance. The common-law approach is reflected by UCC 2-610. Pursuant to that provision, the plaintiff had two options upon the defendants’ alleged anticipatory repudiation: to wait a commercially reasonable time for the defendants’ performance, or to immediately deem the defendants to have breached their respective return policies. We find the plaintiffs contention that it was entitled to wait a commercially reasonable time for the defendants’ performance before deeming the contracts breached convincing. The only logical way to interpret UCC 2-610 is to find that, if an aggrieved party elects to await a commercially reasonable time for a repudiating party to perform, the statute of limitations does not begin to run immediately.
*68 Indeed, this was the construction of UCC 2-610 reached by the United States District Court for the Southern District of New York in Cary Oil Co., Inc. v MG Ref. & Mktg., Inc. (90 F Supp 2d 401 [2000]). In Cary Oil, the parties had entered into a long-term petroleum supply contract. The plaintiff petroleum buyers alleged that the defendant supplier had anticipatorily breached the contract when the defendant agreed, in a settlement with the Commodity Futures Trading Commission that, among other things, it would treat the contract as “illegal and void” (id. at 406). After assuming that the contract was subject to the four-year statute of limitations set forth in UCC 2-725, the court observed that the issue of when the limitations period begins to run where an anticipatory repudiation claim is asserted had received “scant attention, particularly in UCC cases” (id. at 412). The court noted that, at common law, a party aggrieved by an anticipatory repudiation was not required to sue immediately, but could await the time of performance to see whether the other party intended to make good on its contractual obligation. The court then held that “the statute of limitations for failure to perform did not begin to run until the time fixed for performance” (id.).
Here, as in Cary Oil, we conclude that the statute of limitations on the plaintiffs anticipatory repudiation cause of action did not automatically begin to run at the point of the repudiation. “[A] plaintiff should not be penalized for leaving to the defendant an opportunity to retract his wrongful repudiation; and he would be so penalized if the statutory period of limitation is held to begin to run against him immediately” (10-54 Corbin on Contracts § 989 at 138 [1993]). We note that various other courts have made similar determinations (see e.g. Franconia Associates v United States, 536 US 129 [2002] [concluding that where the insured plaintiff notified the insurer of potential liability concerning a Superfund site, and the insurer denied coverage in 1997, anticipatorily repudiating its duty to defend, prior to the commencement of a suit, the statute of limitations did not begin to run at the time of repudiation because the plaintiff did not treat the repudiation as a breach]; Simon Wrecking Co., Inc. v AIU Ins. Co., 350 F Supp 2d 624, 634-635 [ED PA 2004] [stating that, under Pennsylvania law, “(t)he renunciation of a contractual duty before the time fixed in the contract for performance is an anticipatory repudiation which ripens into a breach prior to the time for performance only if the injured party elects to treat it as such”]; Szymanski v Sac *69 chetta, 2012 WL 246249, 2012 US Dist LEXIS 9315 [ED PA, Jan. 26, 2012, No. 2:10-CV-02336-JD] [holding that where two anticipatory repudiations of a contract were made, and the aggrieved party elected to await performance, under Pennsylvania law, the statute of limitations did not begin to run until performance was due]; but see American Cyanamid, Co. v Mississippi Chem. Corp., 817 F2d 91 [11th Cir 1987] [concluding that a seller’s cause of action alleging anticipatory repudiation of a sales contract accrued, under applicable New Jersey law, upon the buyer’s anticipatory breach, and rejecting the seller’s contention that New Jersey UCC 2-610 delays the running of the statute of limitations]).
Therefore, with respect to their specific contention that the anticipatory repudiation claim was untimely because the statute of limitations began to run in December 2005, or January 2006, the defendants failed to meet their prima facie burden. Moreover, the defendants also failed to establish that a commercially reasonable time for their performance expired more than four years prior to the commencement of this action. “What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case” (Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]; see Schwartz v Rosenberg, 67 AD3d 770, 771 [2009]). Thus, whether the period between December 2005 and May 2007 constituted a commercially reasonable time to await the defendants’ performance, as the plaintiff contends, cannot be decided on the defendants’ CPLR 3211 (a) motion to dismiss the complaint.
However, there is merit to the defendants’ alternative contention that the plaintiff’s repudiation claim against In-Source is time-barred on the ground that the plaintiffs contract with InSource permitted returns only until June 2006, which was more than four years before the complaint was filed. When a plaintiff elects not to deem a repudiation as a breach, the statute of limitations “begins to run . . . from the day fixed for performance” (10-54 Corbin on Contracts § 989 at 137 [1993], citing Ga Nun v Palmer, 202 NY 483 [1911]; see Cary Oil Co., Inc. v MG Ref. & Mktg., Inc., 90 F Supp 2d at 412 [“the statute of limitations for failure to perform did not begin to run until the time fixed for performance”]). Pursuant to InSource’s return policy, the date fixed for performance, or the last date to accept the returns, was six months after the drugs expired at the end of December 2005 — that is, the end of June 2006. Since this action was not commenced until July 7, 2010, which was more *70 than four years after June 2006, the defendants established, prima facie, that the anticipatory repudiation cause of action was untimely insofar as asserted against InSource.
In opposition, the plaintiff failed to raise a question of fact as to whether the four-year limitations period has been tolled or was otherwise inapplicable, or whether it actually commenced the action no later then the end of June 2010. Therefore, the Supreme Court should have granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action insofar as asserted against In-Source.
Accordingly, the Supreme Court properly denied those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against them, and pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action insofar as asserted against Henry Schein. However, the Supreme Court should have granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action insofar as asserted against InSource. Therefore, the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action insofar as asserted against InSource, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed.
Angiolillo, J.P., Dickerson and Chambers, JJ., concur.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action insofar as asserted against the defendant In-Source, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.